UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LASALLE BANK NATIONAL
ASSOCIATION as TRUSTEE,

    Plaintiff,

CASE NO. 1:09-CV-791

v.

HON. ROBERT J. JONKER

BEVERLY and MATTHEW MURRAY,
and All Occupants,

    Defendants.

BEVERLY and MATTHEW MURRAY,

    Third-Party Plaintiffs,

v.

FIRST FRANKLIN FINANCIAL CORPORATION,
FIRST FRANKLIN SERVICES d/b/a
HOME LOAN SERVICES, INC.,
jointly and severally,

    Third-Party Defendants.
_____/

## OPINION AND ORDER

Upon reviewing Third-Party Defendants First Franklin Financial Corporation and Home Loan Services, Inc.'s (together, "First Franklin") removal petition, the Court flagged a potential subject matter jurisdiction issue; namely, whether the case should be remanded to state court because third-party defendants added in the state court do not ordinarily have the power to remove an action to federal court. On October 9, 2009, the Court ordered the parties to show cause why the case

should not be remanded. Only First Franklin filed a response (docket # 12).[1] The Court finds no basis for removal in the action and, accordingly, remands the case to state court.

Third-party defendants added in the state court do not ordinarily have the power to remove an action to federal court. *First National Bank of Pulaski v. Curry*, 301 F.3d 456, 462 (6th Cir. 2002); 14C C. WRIGHT, A. MILLER, E. COOPER & J. STEINMAN, FEDERAL PRACTICE & PROCEDURE § 3730 432-33 (4th ed. 2009). Construing narrowly 28 U.S.C. § 1441(a), the Sixth Circuit has held that third-party defendants are not "defendants" for purposes of section 1441(a). *Curry*, 301 F.3d at 462. Accordingly, First Franklin cannot remove this case to federal court under section 1441(a). *See id.*

Additionally, the Sixth Circuit has held that a third-party defendant cannot remove a case under 28 U.S.C. § 1441(c). First Franklin contends that removal was proper under section 1441(c), relying on language in *Curry* suggesting that it "possible that § 1441(c), even if construed narrowly, may permit third-party defendants to remove to federal court." *Id.* at 464. First Franklin plainly ignores the holding of *Curry*, however, which *rejected* that possibility. *Id.* at 465. *Curry* held that the term "joined" as used in section 1441(c) "should be interpreted narrowly to apply only to claims joined by the plaintiff in the original state court action." *Id.* Accordingly, the Sixth Circuit held that a third-party defendant like First Franklin cannot remove an action under section 1441(c) because its claims are not "joined" to the plaintiff's claims within the meaning of that section. *Id.*

---

[1] Defendants did respond to another aspect of the show cause order: namely, the portion directing them to address the claim of the other parties that Defendants failed to participate in preparation of the Joint Status report. In light of Defendants' submission, the Court finds no basis for any sanction against Defendants. The State Court can, if necessary, resolve any factual issues that remain between the parties on Rule 16 preparation issues.

The Sixth Circuit then went on to note that most third-party defendants would not, in any event, be able to satisfy the "separate and independent" requirement of section 1441(c). *See id.* This is true in this case, too. The Sixth Circuit has held that "[w]here there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441(c)." *Id.* at 466 (quoting *Am. Fire & Cas. Co. v. Finn*, 341 U.S. 6, 14 (1951)). Here, Plaintiff claims a single wrong for which relief is sought, and the wrong arises from an interlocked series of transactions. *See id.* Indeed, the third-party complaint expressly asks the Court to set aside the sheriff's sale and the mortgage on which the foreclosure is based. These requests seek to set aside the very transactions that form the basis of the primary action. Furthermore, the same counsel represents Plaintiff and First Franklin, underscoring the common interests between these parties and intertwined nature of the claims and defenses asserted by them in this case. The claims at issue in this case therefore are not separate and independent within the meaning of section 1441(c), and for this additional reason, the case must be remanded. *See id.*

Accordingly, **IT IS ORDERED** that the case is **REMANDED** to state court because this is not a removable action under 28 U.S.C. § 1441.

Dated:  October 28, 2009        /s/ Robert J. Jonker
                                ROBERT J. JONKER
                                UNITED STATES DISTRICT JUDGE